The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Barnes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with regard to correcting the typographical error in the designated compensation rate in Finding of Fact #17, Conclusion of Law #2 and Award #1. The correct compensation rate is $442.00 rather than $426.00.
EVIDENTIARY RULING
All objections raised at the depositions of Dr. Joseph William Markey, Dr. Kristine Harper and Dr. Robert J. Kipnis are ruled upon in accordance with the law and the Opinion and Award entered in this matter.
* * * * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with the defendant-employer on 22 April 1991, injuring her back, and was paid temporary total disability from 1 May 1991 to 28 May 1991 and 25 June 1991 through 26 June 1991 (I.C. File Number 135119). The plaintiff allegedly sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 15 June 1993 (I.C. File Number 343040).
2. That on such dates the parties hereto were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On such dates an employer-employee relationship existed between plaintiff and defendant-employer.
4. On such dates defendant-employer regularly employed three or more employees.
5. On 23 April 1991, defendant was insured by Amerisure Insurance Company and on 15 June 1993 defendant-employer was self-insured with their workers' compensation administered by EBComp Services, Incorporated.
6. The parties stipulated to admissibility of the following medical records of plaintiff for the purposes of these consolidated actions.
(a) Drs. Pressley and Gilbert notes, 5-1-91 through 8-27-93.
(b) Dr. C.D. Williams notes, dated 4-24-91 through 4-23-93.
(c) Presbyterian Hospital notes, dated 5-29-91 through 6-27-91, 5-17-93 through 6-29-93 and 7-9-93 through 7-13-93.
(d) Dr. Gaspari, letter dated 8-18-93.
(e) Dr. Robert J. Kipnis office notes, dated 7-7-93 through 9-8-93.
(f) Dr. Joseph W. Markey office notes, dated 7-26-93 through 12-29-94.
(g) Dr. Kristine D. Harper notes, dated 12-16-93 through 12-28-94.
* * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 3 April 1991, plaintiff was employed by defendant-employer as an endoscopy nurse and sustained an injury by accident while working for defendant-employer resulting in a trapezius and lumbar strain.
2. As a result of her injury by accident on 3 April 1991, plaintiff was paid temporary total disability compensation at the weekly rate of $406.00 from 1 May through 28 May 1991 and from 25 June through 27 June 1991.
3. By 1 July 1991, plaintiff reached maximum medical improvement as a result of the injury by accident on 3 April 1991 and returned to work with no restrictions.
4. Subsequent to 1 July 1991, plaintiff continued to have occasional minor exacerbation of pain in her back but was able to continue working in her normal job at defendant-employer and received regular pay increases.
5. On 15 June 1993, while attempting to move an approximately 300 pound sedated patient, plaintiff felt a pull and pain in her back. Plaintiff continued to work that day but that evening she experienced an acute increase in pain while turning over in bed.
6. As a result of her pain, plaintiff was taken to the hospital that evening. Plaintiff was hospitalized at Presbyterian Hospital from 16 June through 29 June 1993.
7. Prior to plaintiff's hospitalization and after she was last seen by Dr. Pressley in July of 1991, plaintiff was seen by Dr. C.B. Williams at Presbyterian Hospital for an incident which took place on 23 April 1993 when she was attempting to turn a sedated plaintiff and felt a pull and sharp pain in her back.
8. Between the period 1 July 1991 and 23 April 1993, defendant-employer became self-insured and Amerisure came off of the risk.
9. On 16 June 1993, x-rays were taken at Presbyterian Hospital revealing several compression fractures. An MRI revealed multiple vertebral and plate abnormalities from T5 through T12 an evidence that some fractures were newer than others.
10. On 19 June 1993, a bone scan was performed which revealed recent compression fractures in the T10, T11, T12 and T8 regions.
11. On 29 June 1993, plaintiff was discharged in the care of Dr. Kipnis and Dr. Pressley.
12. Plaintiff continued to have significant thoracic back pain and returned to Presbyterian Hospital on 9 July 1993 complaining of severe pain and numbness in both legs and her left arm. Plaintiff was admitted to the hospital until 13 July 1993 when she was discharged. During this period, plaintiff was seen and treated by Dr. Joseph Markey for pain management and was treated with morphine and other pain medication.
13. On 16 December 1993, plaintiff was seen and treated by Dr. Kristine D. Harper, who diagnosed plaintiff with osteoporosis.
14. As a result of the incident on 15 June 1993, plaintiff sustained compression fractures to her spine.
15. As a result of the incident on 15 June 1993, plaintiff has been incapable of earning wages with defendant-employer or in any other employment beginning 15 June 1993 and continuing.
16. Due to the incident on 15 June 1993, plaintiff remains incapable of earning wages with defendant-employer or in any other employment.
17. As of 15 June 1993, plaintiff's wage with defendant-employer was $911.20, yielding the maximum compensation rate of $442.00.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 15 June 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer as a self-insured. N.C. Gen. Stat. § 97-2(6).
2. On 15 June 1993, plaintiff's average weekly wage was sufficient to yield the maximum of $442.00 weekly compensation rate. N.C. Gen. Stat. § 97-2(5).
3. As a result of her injury by accident on 15 June 1993, defendant-employer as a self-insured shall pay plaintiff compensation at the rate of $442.00 per week, beginning 15 June 1993 and continuing until defendant obtains permission from the Industrial Commission to cease payment of compensation. N.C. Gen. Stat. § 97-29.
4. As a result of her injury by accident on 15 June 1993, defendant-employer as a self-insured shall pay plaintiff's reasonable and necessary medical expenses incurred as a result of her injury by accident. Little v. Penn Ventilator Co., 317 N.C. 206,345 S.E.2d 204 (1988).
* * * * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer as a self-insured shall pay plaintiff temporary total disability compensation at the rate of $442.00 per week, beginning 15 June 1993 and continuing until defendant-employer as a self-insured obtains permission from the Industrial Commission to cease payment of compensation. Amounts which have accrued shall be paid in a lump sum, subject to the attorney's fee approve in Paragraph Three of this Award.
2. Defendant-employer as a self-insured shall pay all medical expenses incurred by plaintiff as a result of her injury by accident.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff is approved for plaintiff's counsel and shall be paid as follows. Twenty-five percent of the accrued amount due plaintiff in Paragraph One of this Award shall be deducted from that amount and paid directly to plaintiff's counsel; thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
4. Defendant-employer as a self-insured shall pay the costs due this Commission.
This is the 11th day of April, 1997.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ COY M. VANCE COMMISSIONER
DCS:jmf